# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable R. L. Wilson
Member, Texas Board of Pharmacy
Livingston, Texas

Dear Sir:

Opinion No. O-2331
Re: (a) Practice of pharmacy in
Texas by registrants of other
states without license; (b)
Operation of pharmacies without
attendance of registered pharmacist;
(c) Attendance of delegate at
National Association of Boards of
Pharmacists.

This is in reference to your letters of June 15, 1940, supplemented by your letter of July 6, regarding the matters set out above, and requesting the opinion of this Department. Your questions are as follows:

(1) May a pharmacist duly registered in another state practice his profession in this State without license from the Texas Board of Pharmacists?

(2) May a pharmacy operate any portion of the time it remains open without the <u>attendance</u> of a registered pharmacist?

(3) May the expenses of a delegate of the Texas Board of Pharmacy be paid out of pharmacy funds in attending a meeting of the National Association of Boards of Pharmacy?

Section 8 of Article 4542a, Vernon's Annotated Civil Statutes, reads as follows:

"It shall be unlawful for any person who is not a registered pharmacist under the provisions of this Act, or who is not under the direct supervision of one so registered to compound, mix or manufacture, or sell or distribute at retail to the consumer any drugs or

"medicines, except in original packages, provided that
all persons now registered in this State as pharmacists
shall have all the rights which are granted to pharmacists
under this Act and provided further that nothing contained
in this Act shall be construed to prevent the administra-
tion or compounding of drugs and medicines carried or kept
by licensed physicians, dentists, veterinarians and Chiropo-
dists in order to supply the needs of their patients; not
to prevent the sale of patent or proprietary medicines in
original packages only and insecticides and fungicides,
and harmless chemicals used in the arts, when properly
labeled; not to prevent licensed physicians, dentists,
veterinarians and chiropodists from compounding, manufac-
turing and selling any medicines of their own formula."

Article 758a, Vernon's Annotated Penal Code, makes
the violation of any of the provisions of Article 4542a a mis-
demeanor. It is clear, therefore, that every pharmacist prac-
ticing that profession in this State must be registered or
licensed by the Board, or operating under the direct super-
vision of one so registered.

Section 9 of Article 4542a, Vernon's Annotated Civil
Statutes, provides for the granting of licenses by the Board,
and, insofar as is pertinent to the problem at hand, reads:

"Provided that the Board may at its discretion
grant license as pharmacist to persons who furnish proof
that they have been registered as such in some other State,
and that they are of good moral character, provided such
other State in its examination required the same general
degree of fitness required by this State and grants the
same reciprocal privileges to pharmacists of this State;
• • •"

Article 4542a thus vests discretion in the board (the
conditions set forth in Section 9 being met) to grant or refuse
to grant on the basis of the facts in each individual case li-
censes to pharmacists registered under the laws of some other
state.

If such pharmacists practice their profession in
this State without license from the Texas Board of Pharmacy,
or do not operate under the direct supervision of one so
registered, you are advised in answer to question No. 1 and
it is the opinion of this Department that they will violate
Article 758a, Vernon's Annotated Penal Code, and will be
guilty of a misdemeanor.

Your second question is whether or not a pharmacy may operate for any portion of its time without the attendance of a registered pharmacist. Conceivably your question could cover many situations and in the absence of the facts as to any particular instance we shall endeavor to provide a general rule for your direction.

Sections 15 and 16 of Article 4542a, Vernon's Annotated Civil Statutes, read as follows:

"Sec. 15. In all stores in which a registered pharmacist is continuously employed, and where the provisions of this Act have been fully complied with, there shall be displayed in a prominent place in or on the front of said store the word 'Pharmacy'."

"Sec. 16. It shall be unlawful for any person to display in or on any store or place of business the word 'Pharmacy' either in the English or any foreign language, unless there is continuously employed therein a registered pharmacist under the provisions of this Act."

Section 15 requires that all stores at which a registered pharmacist is continuously employed display the word "Pharmacy" in or on the front of the store. Section 16 makes it unlawful to so use the word "Pharmacy" unless a registered pharmacist is continuously employed therein. Therefore, in order to answer your question we must assume that the drugstore has the word "Pharmacy" in or on the front of the store and that a registered pharmacist is employed therein. The problem then involves an interpretation of the phrase "continuously employed". If the phrase is synonymous with the phrase "constant attendance" or "continuous attendance", your second question must be answered in the negative. However, we hold that it is not.

To our minds the words "continuously employed" as used in Article 4542a, Vernon's Annotated Civil Statutes, refer to employment rather than attendance, and that the words are used as the antithesis of intermittant, sporadic or part-time employment. The language of the court in United States v. McGill (C.C.A.) 56 F. (2d) 522, 524, aptly expresses our views:

"Holidays, sicknesses, recreation periods, weekends, all are breaks in the continuity of one's occupation, but would not necessarily destroy its continuity."

Consequently it is the opinion of this Department and you are respectfully advised in answer to your second question that a drugstore displaying the word "Pharmacy" in or about the store and employing a full-time, registered pharmacist may operate for a portion of the time it remains open - by way of suggestion, when the pharmacist is ill, at meals, or has a night off - without the attendance of a registered pharmacist.

Your third and final question is whether or not the Texas Board of Pharmacy may use funds collected under the Pharmacy Act to pay the expenses of a delegate to the National Association of Boards of Pharmacy. In this connection, you have been kind enough to furnish this Department with a detailed statement as to the purpose of the National Association of Boards of Pharmacy. However, as stated to you before, we must decline to answer this question until we are in full possession of facts as to the purpose of the delegate in attending this meeting and what the Board expects to accomplish in the way of "state business" by sending the delegate - facts upon which we may base a conclusion as to whether or not such a trip is necessary "in the performance of the duties of the Board." See Section 3, Article 4542e.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

James D. Smullen
Assistant

JDS:EMM

APPROVED JUL 26, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN